UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| EUGENE K. JONES, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:08CV46 HEA |
| | ) | |
| TROY STEELE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Eugene Jones (registration no. 180162), an inmate at Eastern Reception, Diagnostic and Correctional Center ("ERDCC"), for leave to commence this action without payment of the required filing fee [Doc. #2]. For the reasons stated below, the Court finds that the plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $1.85. *See* 28 U.S.C. § 1915(b)(1). Furthermore, after reviewing the complaint, the Court will partially dismiss the complaint and will order the Clerk to issue process or cause process to be issued on the non-frivolous portions of the complaint.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must

assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $9.25, and an average monthly balance of $0.64. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $1.85, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact."

*Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

**The Complaint**

Plaintiff brings this action under 42 U.S.C. § 1983 for alleged violations of his constitutional rights by officials at Southeast Correctional Center ("SECC"). Named as defendants are Troy Steele, Billy Harris, Richard Gains, Johnny Williams, Kirk Puepekke, Thomas Waldrup, Paula Phillips, Lisa Jones, Tracey Mitchem, Matt Blunt, Omer Clark, and Patricia Cornell. Defendants are alleged to be employees of the Missouri Department of Corrections or the State of Missouri. The complaint seeks monetary relief.

Plaintiff alleges that on July 16, 2007, he was placed in administrative segregation because defendants Waldrup and Puepekke were investigating his possible

involvement in an episode of organized disobedience. Plaintiff claims that he was kept in administrative segregation until October 16, 2007, when he was transferred to ERDCC. Plaintiff believes that his placement in administrative segregation for three months was unlawful because he was singled out from all of the other inmates in his housing unit.

Plaintiff alleges that defendant Phillips, as the officer in charge of administrative segregation, caused him to be subjected to unsanitary conditions during his confinement there. Plaintiff further alleges that these conditions caused him to experience a burning sensation in his eyes and on his skin as well as vomiting and choking.

Plaintiff claims that he wrote letters to several of the defendants but that they either did not respond or did not redress his grievances.

## Discussion

Plaintiff's allegations against defendant Phillips regarding unsanitary conditions of confinement survive initial review under 28 U.S.C. § 1915(e) and will not be dismissed at this time. As a result, the Court will order Phillips to respond to the complaint.

Plaintiff's allegations against the supervisory defendants and those to whom he wrote letters do not state a claim under § 1983. A prisoner does not have a constitutional right to have his grievances redressed in his favor. *Flick v. Alba*, 932

F.2d 728, 729 (8th Cir. 1991). And there is no respondeat superior liability in § 1983 suits. *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995). As a result, the Court will dismiss this action as to defendants Steele, Harris, Gains, Williams, Jones, Mitchem, Blunt, Clark, and Cornell.

Plaintiff's claims against defendants Puepekke and Waldrup do not state a claim under § 1983. A prisoner does not have a right to be free from investigations. Plaintiff has not alleged that the investigation was carried out in retaliation for his having used the grievance system. As a result, the Court will dismiss this action as to defendants Puepekke and Waldrup.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $1.85 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that if plaintiff fails to pay the initial partial filing fee within thirty (30) days of the date of this Order, then this case will be dismissed without prejudice.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue upon the complaint as to defendant Paula Phillips.

**IT IS FURTHER ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), defendant Paula Phillips shall reply to plaintiff's claims within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint as to defendants Steele, Harris, Gains, Williams, Puepekke, Waldrup, Jones, Mitchem, Blunt, Clark, or Cornell because, as to these defendants, the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

**IT IS FURTHER ORDERED** that this case is assigned to Track 5B: Prisoner Standard.

An appropriate Order of Partial Dismissal shall accompany this Memorandum and Order.

Dated this 5th day of May, 2008.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE